UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Case No. 23-43539-357 |
| **HUDSON & MCKEE REAL** ) | |
| **ESTATE LLC,** ) | Chapter 11 |
| ) | |
| Debtor. ) | |

## SUBCHAPTER V SCHEDULING ORDER

The above-captioned Debtor has elected to proceed with this case under Subchapter V of Chapter 11 of the U.S. Bankruptcy Code (the "Code"). The Court enters this Initial Scheduling Order to facilitate the efficient administration of this Chapter 11 case and to ensure adequate and proper notice to all affected parties. Accordingly, IT IS HEREBY ORDERED:

1. This case shall be governed by the provisions of Subchapter V of Chapter 11 of the Code unless otherwise ordered by the Court.

2. The Debtor shall comply with Section 1116 of the Code.

3. To the extent the Debtor requires an expedited hearing on cash collateral, debtor in possession financing, prepetition obligations to employees, or similar expedited first-day relief, the Debtor may file a motion requesting the Court shorten the objection deadline and set an expedited hearing on such matters (the "Expedited Motion"). The Debtor shall serve the substantive motions and the Expedited Motion on the Subchapter V Trustee appointed in this case and all parties in interest. The Court will set a hearing on such matters as soon as reasonably practicable under the circumstances of this case.

4. Objections to the Debtor's designation as a small business debtor under the Code must be filed with the Court and served on the Debtor, the Subchapter V Trustee, and parties in interest no later than thirty (30) days after the conclusion of the meeting of creditors held under § 341(a) of the Code, or within thirty (30) days after any amendment to the statement, whichever is later.

5. The Debtor shall file with the Court and serve on the Subchapter V Trustee and all parties in interest the report required by Section 1188(c) of the Code on or before **November 15, 2023**. The Debtor's report shall include:

    a. A brief description of the Debtor's businesses and operations, if any, and the principal assets and liabilities of each estate;

    b. Brief answers to these questions:

      i. What precipitated the bankruptcy filing?

      ii. What does the Debtor hope to accomplish in this Chapter 11 case?

      iii. What are the principal disputes or problems likely to be encountered during the course of the Debtor's reorganization efforts?

      iv. How does the Debtor recommend that these disputes be resolved and why?

      v. Has the Debtor complied with all of its duties under FRBP Rule 2015(b), Sections 521, 1184, and 1187 of the Code, and all applicable guidelines of the Office of the United States Trustee? If no, why not?

      vi. Do any parties claim an interest in cash collateral of the Debtor?

      vii. Is the Debtor using cash that any party claims as its cash collateral and, if so, on what date(s) did the Debtor obtain an order authorizing the use of such cash or the consent of such party?

c. The identity of all professionals retained or to be retained by the estate, the dates on which applications for the employment of such professionals were filed or submitted to the United States Trustee, the dates on which orders were entered in response to such application, if any, and a general description of the type of services to be rendered by each or the purpose of the employment;

d. In operating cases, evidence regarding projected income and expenses for the first six months of the case;

e. A proposed deadline for filing of a plan of reorganization within the time frame set forth in Section 1189 of the Code, or an explanation of why the Debtor believes that the deadline set forth in Section 1189 of the Code should be extended due to circumstances for which the Debtor should not justly be held accountable;

f. A discussion of the efforts that the Debtor has undertaken and will undertake to attain a consensual plan of reorganization in the case or an explanation of why the Debtor does not believe that it will be possible for the Debtor to negotiate a consensual plan of reorganization; and

g. A discussion of any significant unexpired leases and executory contracts to which the Debtor is a party and the Debtor's intentions with regard to these leases and contracts.

6. The Debtor and the Subchapter V Trustee shall appear at a Status Conference before the Court on **November 29, 2023**, at **1:30 p.m.**, in Courtroom **5 North**, of the United States Bankruptcy Court located at 111 South Tenth St., Saint Louis, Missouri 63102.

7. The Debtor shall file with the Court and serve on all parties in interest a plan of reorganization, as required by Section 1189(b) of the Code, on or before **January 2, 2024**. Any request to extend this 90-day deadline must meet the requirements of Section 1189(b) of the Code and be filed with the Court on or before **November 30, 2023**. The Debtor may amend its plan of reorganization any time before the confirmation hearing in accordance with Section 1193(a) of the Code.

8. All entities (including, without limitation, individuals, partnerships, corporations, joint ventures, and trusts), with the exception of government entities, that assert a claim against the Debtor that arose or is deemed to have arisen prior to the Petition Date must file a proof of claim so that such proof of claim is actually received by the Clerk of the United States Bankruptcy Court for the Eastern District of Missouri **on or before 11:59 p.m., prevailing Central Time on December 11, 2023**.

9. All government entities that assert a claim against the Debtor that arose or is deemed to have arisen prior to the Petition Date must file a proof of claim so that such proof of claim is actually received by the Clerk of the United States Bankruptcy Court for the Eastern District of Missouri **on or before 11:59 p.m., prevailing Central Time on March 29, 2024**.

10. A date for a hearing on the confirmation of the Debtor's plan of reorganization shall be established at the Status Conference referenced in Paragraph 6 of the instant order.

11. Copies of all documents filed in accordance with this Scheduling Order shall also be served on both the Subchapter V Trustee and the United States Trustee.

Dated:  October 3, 2023
St. Louis, Missouri
cjs

Brian C. Walsh
United States Bankruptcy Judge

Copies to:

**Hudson & McKee Real Estate LLC**
3155 Brantner Place
Saint Louis, MO 63106

**Spencer P. Desai**
The Desai Law Firm, LLC
13321 North Outer Forty Road, Suite 300
St. Louis, MO 63017

**Carole J. Ryczek**
Office of the U. S. Trustee
11 South 10th Street, Suite 6.353
St. Louis, MO 63102

**Office of US Trustee**
111 S Tenth St, Ste 6.353
St. Louis, MO 63102

**ALL CREDITORS AND PARTIES IN INTEREST LISTED ON THE MAILING MATRIX**