**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In The Matter Of: | ) | |
| | ) | Case Number 23-43539-357 |
| Hudson & McKee Real Estate LLC | ) | |
| | ) | |
| Debtor, | ) | Chapter 11 |
| | ) | |
| Community Loan Servicing, LLC | ) | |
| | ) | |
| Creditor, | ) | |
| | ) | |

## COMMUNITY LOAN SERVICING, LLC'S OBJECTION TO DEBTOR'S MOTION FOR ENTRY OF ORDER AUTHORIZING DEBTOR'S USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363 WITH PARK PLACE FINANCE LLC

COMES NOW, Community Loan Servicing, LLC (referred to herein as "Lender"), secured creditor and party in interest in the above-captioned bankruptcy case, by and through undersigned counsel, and files this objection to Debtor's *Motion for Entry of Order Authorizing Debtor's Use of Cash Collateral Pursuant to 11 U.S.C. § 363 with Park Place Finance, LLC* (Doc. 14 CM/ECF filed October 10, 2023), and respectfully states as follows:

1. Hudson & McKee Real Estate LLC (referred to herein as "Debtor") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code on October 1, 2023. Debtor remains a debtor in possession, at this time. On October 10, 2023, Debtor filed a *Motion for Entry of Order Authorizing Debtor's Use of Cash Collateral Pursuant to 11 U.S.C. § 363 with Park Place Finance, LLC* seeking relief from this Court for the use of the rents received from the collateral which secures the Lender's claims.

2. Lender is the holder and successor in interest to Park Place Finance, LLC to a Note, executed by the Debtor, dated May 13, 2022, in the principal amount of $1,897,800.00.  A true and accurate copy of the Note, and any Allonge or Assignment thereto is attached hereto as Exhibit A and is incorporated herein by reference.

3. As security for that Note, the Debtor, on May 13, 2022 executed a Deed of Trust to the Lender's predecessor in interest, which was recorded with the City of St. Louis Recorder of Deeds on May 17, 2022 at Book 05172022 Page 0006, which granted

the Lender's predecessor a first position security interest in eight parcels of real property commonly known as:

- 3147-3149 Brantner Place St. Louis, Missouri 63106;

- 3141-3143 Brantner Place St. Louis, Missouri 63106;

- 3129-3135 Brantner Place St. Louis, Missouri 63106;

- 3125-3127 Brantner Place St. Louis, Missouri 63106;

- 3121-3123 Brantner Place St. Louis, Missouri 63106;

- 2900-2902 Sheridan Avenue St. Louis, Missouri 63106;

- 3127 Sheridan Avenue St. Louis, Missouri 63106; and

- 2826 Sheridan Avenue St. Louis, Missouri 63106.

A true and accurate copy of the Deed of Trust is attached here to as Exhibit B and incorporated herein by reference.

4.    In addition to the Deed of Trust, the Debtor executed a Pledge Agreement in favor of the Lender's predecessor in interest as additional security for the Note.  A true and accurate copy of that document, dated May 13, 2022, is attached hereto as Exhibit C and incorporated herein by reference.

5.    On May 17, 2022 the Lender took was assigned interest in the Deed of Trust by Park Place Finance, LLC by virtue of an Assignment of Deed of Trust recorded with the City of St. Louis Recorder of Deeds at Book 09272022 and Page 0103.  A copy of that assignment is attached hereto as Exhibit D and incorporated herein by reference.

6.    As such, the Lender is a secured creditor as contemplated by *inter alia*, 11 U.S.C. §§ 506(1), 552(b) of the United States Bankruptcy Code.

7.    Section 363 defines "cash collateral" as cash, negotiable instruments, documents of title, securities, deposit accounts, or other cash equivalents, whenever acquired, in which the estate and an entity other than the estate have an interest. It includes the proceeds, products, offspring, rents, or profits of property and the fees, charges, accounts or payments for the use or occupancy of rooms and other public facilities in hotels, motels, or other lodging properties subject to a creditor's security interest.

8.    The proceeds, products, offspring, rents, or profits of property in which Lender has a properly perfected security interest constitutes Lender's cash collateral which

Debtor proposes to use without providing sufficiently detailed or unsupported purpose, material terms or duration of its use.

9.   The secured creditors holding an interest in said cash collateral are entitled to receive certain protections under Section 363 of the Bankruptcy Code. Unless consent is received or until an Order of this Court is entered, Debtor must segregate and account for all cash collateral in its possession. 11 U.S.C. § 363(c)(4).

10.  Moreover, Lender is also entitled to adequate protection and an accounting of any cash collateral the Debtor has spent, no such accounting is present in Debtor's Motion. Specifically, Lender demands an accounting of all revenues and sequestration of all cash collateral.

11.  This Court must deny the Motion to Use Cash Collateral as it is deficient for many reasons, including, but not limited to, the following:

a.   Debtor fails to properly identify the party which is entitled to the protections from the use of the cash collateral;

b.   The Motion fails to provide a property by property breakdown of current rental income and expenses so the Lender and/or the Court cannot clearly ascertain which properties are in fact rented, or vacant, or their expenses, or which properties require legal action to evict hold-over tenants, if any.

c.   Debtor fails to identify what constitutes the cash collateral it intends to use in that it is unclear from which parcels which serve as the Lender's security the Debtor is receiving the rental income it seeks to use to continue to operate;

d.   Debtor proposed budget for the use of cash collateral is unclear and contains many unsubstantiated expenses;

e.   Debtor fails to provide sufficient adequate protection to Lender in that the Debtor proposes (1.) that interest only payments will not begin until December 15, 2023 (2.) those interest payments do not account for the payment and maintenance of sufficient insurance and the payment of real estate taxes despite reporting in the Projected Cash Flows they are "included in mortgage";

f.   Debtor offers no financial reporting other than a 6 Month Statement of Projected Cash Flows which suggests expenditures that are not detailed or supported by documentation like construction bids estimates to support the "Project Construction" and its monthly $28,000 allocation, the interaction of "Legal" fees with the use of the retainer

MS 212663.436079 BK

paid to Debtor's counsel, and/or how or what the "Projected Number of Tenants" is based upon such that they can be discerned by the Lender for purposes of further objection; and

g.  Whether the "office management expense" is for Debtor's insider, and is the projected fee based upon a historical management fee or contract?

h. Debtor makes no attempt to protect Lender's interests.

WHEREFORE, Lender respectfully requests that the Court deny Debtor's *Motion for Entry of Order Authorizing Debtor's Use of Cash Collateral Pursuant to 11 U.S.C. § 363 with Park Place Finance, LLC*; enter an order requiring Debtor to provide Lender an accounting of all revenues and sequestration of all cash collateral; and for such further relief as this Court deems just and proper.

Dated October 16, 2023

Respectfully Submitted:

Millsap & Singer, LLC

*/s/ Adam G. Breeze*
Cynthia M. Kern Woolverton, #47698, #47698MO
Adam G. Breeze, #60920, #60920MO
612 Spirit Drive
St. Louis, MO
Telephone: (636) 537-0110
Facsimile: (636) 537-0067
bkty@msfirm.com
Attorneys for Community Loan Servicing, LLC

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was filed electronically on October 16, 2023, with the United States Bankruptcy Court, and has been served on the parties in interest via e-mail by the Court pursuant to CM/ECF as set out on the Notice of Electronic filing as issued by the Court or in the alternative has been served by depositing a true and correct copy of same enclosed in a postage prepaid, properly addressed envelope, in a post office official depository under the exclusive care and custody of the United States Postal Service within the state of Missouri on those parties directed by the Court on the Notice of Electronic Filing issued by the Court as required by the Federal Rules of Bankruptcy Procedure and the Local Rules of the United States Bankruptcy Court.

*/s/ Adam G. Breeze*

**Electronic Mail Notice List**

The following is the list of attorneys who are currently on the list to receive e-mail notices for this case.

Spencer P. Desai

Seth A Albin

Office of the United States Trustee

**Manual Notice List**

The following is a list of parties who are not on the list to receive e-mail notices for this case (who therefore require manual noticing).

Hudson & McKee  Real Estate LLC
3155 Brantner Place
Saint Louis, MO 63106