## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 23-43539-357 |
| HUDSON & MCKEE REAL ESTATE, LLC, | ) ) | Hon. Brian C. Walsh |
| Debtor. | ) | United States Bankruptcy Judge |
| _____ | ) ) | |
| | ) | Hearing Date:  June 5, 2024 |
| JERRY L. JENSEN, | ) | Hearing Time:  1:30 p.m. |
| Acting United States Trustee, | ) | Hearing Location: Eagleton U.S. Courthouse |
| Movant, | ) | 111 S. 10th Street |
| | ) | Courtroom 5 North |
| v. | ) | St. Louis, MO 63102 |
| | ) | Objection Deadline: May 29, 2024 |
| HUDSON & MCKEE REAL ESTATE, LLC, | ) ) | |
| Respondent. | ) | |

### UNITED STATES TRUSTEE'S MOTION
### TO DISMISS OR, IN THE ALTERNATIVE, TO CONVERT CASE
### TO A CASE UNDER CHAPTER 7 PURSUANT TO 11 U.S.C. § 1112(b)(4)

Jerry L. Jensen, Acting United States Trustee for the Eastern District of Missouri ("the United States Trustee"), by the undersigned Trial Attorney, files this motion pursuant to 11 U.S.C. § 1112(b)(4) and asks this Court to enter an order dismissing this case or, in the alternative, to convert this case to a liquidation case under chapter 7.  The debtor in this case, Hudson & McKee Real Estate, LLC ("the Debtor") has not filed operating reports for the months of January, February, and March 2024 or provided copies of statements for its bank accounts for those months to the United States Trustee in response to the United States Trustee's requests.  These failures provide cause to dismiss this case or to convert it to a liquation case under chapter 7 of the Bankruptcy Code.

In support of this motion, the United States Trustee states the following:

1

1. On October 1, 2023, the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code. The Debtor stated on the petition that the Debtor chose to proceed under Subchapter V of Chapter 11.

2. On October 4, 2023, the United States Trustee appointed Seth A. Albin as the Subchapter V trustee in the Debtor's bankruptcy case.

3. The Debtor filed monthly operating reports for October, November, and December 2023, but not for subsequent months. On several occasions, the United States Trustee asked the Debtor to file operating reports for January, February, and March 2024, but the Debtor has not filed those monthly operating reports.

4. The United States Trustee has also asked the Debtor to send the United States Trustee copies of its bank statements to allow the United States Trustee to monitor the Debtor's receipts and expenditures. Despite these requests, the Debtor has not given any bank statements to the United States Trustee since the end of 2023.

5. Without the Debtor's monthly operating reports and bank statements, the United States Trustee is unable to review the Debtor's financial activities, to assure that the Debtor is being managed properly, and to assess the feasibility of the Debtor's plan.

6. Section 1112(b) of the Bankruptcy Code, 11 U.S.C. § 1112(b), states that upon request of a party in interest and after notice and a hearing, the Court, for cause, shall dismiss a case under Chapter 11 or convert it to a case under Chapter 7, whichever is in the best interests of the creditors and the estate.

7. Section 1112(b) sets forth several examples of circumstances that constitute "cause" to convert or dismiss, including a debtor's failure to satisfy timely any filing or reporting requirement established by Title 11 or by any rule applicable in a case filed under Title 11. 11 U.S.C. § 1112(b)(4)(F).

8. One of the reporting requirements that a Chapter 11 debtor-in-possession must fulfill

2

is described in Section 704(a)(8) of the Bankruptcy Code, 11 U.S.C. § 704(a)(8), which is made applicable to Subchapter V debtors-in-possession by 11 U.S.C. §§ 1106(a)(1) and 1184. Section 704(a)(8) requires debtors-in-possession to file with the Court, the United States Trustee, and any governmental unit charged with responsibility for collection or determination of any tax arising out of the operation of the debtor's business "periodic reports and summaries of the operation of such business, including a statement of receipts and disbursements, and such other information as the United States Trustee or the court requires."

9. Pursuant to Section 704(a)(8) of the Bankruptcy Code, the Debtor was required to file operating reports by the 21st day of each month following the end of the reporting period.

10. Monthly operating reports and the information they contain are the "life-blood of the Chapter 11 process" and are more than "mere busy work." *In re Berryhill*, 127 B.R. 427, 433 (Bankr. N.D. Ind. 1991). As stated above, the Debtor's failure to file its monthly operating reports for the months of January, February, and March 2024 has prevented the United States Trustee from supervising this case properly and has prevented creditors and other interested parties from monitoring the Debtor's financial performance. This failure constitutes cause to dismiss this case or to convert it to a case under chapter 7. 11 U.S.C. § 1112(b)(4)(F).

11. In addition to the Debtor's failure to satisfy its duty to file monthly operating reports, the Debtor has not given the United States Trustee statements for the Debtor's bank accounts since December 2023 despite the United States Trustee's requests that the Debtor provide those statements. As with the Debtor's failure to file monthly operating reports, its failure to furnish its bank statements shields the Debtor's financial activities from the United States Trustee's review.

12. Under Section 1112(b)(4)(H), a Debtor's failure timely to provide information or attend meetings reasonably requested by the United States Trustee is cause to dismiss a case or to convert the case to a liquidation case under chapter 7. 11 U.S.C. § 1112(b)(4)(H). Here, the United

3

States Trustee quite reasonably asked the Debtor to give the United States Trustee copies of the Debtor's bank statements to enable the United States Trustee to monitor the Debtor's finances and management. The bank statements would also help the United States Trustee to assess the feasibility of the plan the Debtor has proposed. The Debtor's failure to comply with the United States Trustee's reasonable request for the Debtor's bank statements provides further reason to dismiss this case or convert it to a liquidation case under chapter 7.

13. There are no unusual circumstances in this case establishing that dismissing or converting this case would not be in the best interests of creditors and the estate.

For the reasons set forth above, the United States Trustee asks the Court to enter an order dismissing this case or converting it to a case under chapter 7, whichever is in the best interests of creditors and the estate, pursuant to 11 U.S.C. § 1112(b)(4) and grant any further relief the Court deems just.

Dated: May 13, 2024                   Respectfully submitted,

                                      JERRY L. JENSEN
                                      Acting United States Trustee

                                      PAUL A. RANDOLPH
                                      Assistant United States Trustee

By:    */s/ Carole J. Ryczek*
                                      CAROLE J. RYCZEK
                                      E.D. Missouri Bar #6195873IL
                                      Trial Attorney
                                      111 S. 10th Street, Suite 6.353
                                      St. Louis, MO 63102
                                      PH: (314) 539-2982
                                      FAX: (314) 539-2990
                                      Email: carole.ryczek@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing motion was filed electronically on May 13, 2024, with the Clerk of the United States Bankruptcy Court for the Eastern District of Missouri, and has been served upon the parties in interest via email by the Court's CM/ECF System as listed on the Court's Electronic Mail Notice List.

>   */s/Carole J. Ryczek*
>   Carole J. Ryczek
>   Trial Attorney
>   Office of the United States Trustee

I further certify that a true and correct copy of the foregoing motion was filed electronically on May 13, 2024, with the United States Bankruptcy Court for the Eastern District of Missouri and that, in addition to the parties served with this document by the Court's CM/ECF System, the undersigned served a true and complete copy of this motion by First-Class United States mail, postage prepaid, upon the debtor, Hudson & McKee Real Estate, LLC at the address listed below:

Hudson & McKee Real Estate, LLC
3155 Brantner Place
St. Louis, MO 63106

>   */s/Carole J. Ryczek*
>   Carole J. Ryczek
>   Trial Attorney
>   Office of the United States Trustee

5