IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| In re: ) | Case No.: 23-43539 |
| ) | Honorable Brian C. Walsh |
| HUDSON & MCKEE REAL ESTATE LLC, ) | Chapter 11 Proceeding |
| ) | |
| EIN – 83-4384182 ) | SUPPLEMENTAL DECLARATION OF RAYMOND MCKEE IN SUPPORT OF CONFIRMATION OF DEBTOR'S SECOND AMENDED PLAN OF REORGANIZATION |
| Debtor. ) | |

### SUPPLEMENTAL DECLARATION OF RAYMOND MCKEE IN SUPPORT OF CONFIRMATION OF DEBTOR'S SECOND AMENDED PLAN OF REORGANIZATION

I, Raymond McKee, hereby declare under penalty of perjury:

1. My name is Raymond McKee and I am the managing member of Hudson & McKee Real Estate LLC ("Debtor"). I am over eighteen years of age and otherwise competent to testify to the matters set forth herein. I am familiar with the business affairs of the Debtor.

2. This Supplemental Declaration accurately reflects my testimony if called as a witness in this proceeding and is made to supplement the offer of proof made at the confirmation hearing on the Debtor's Second Amended Plan of Reorganization (the "Plan").

3. I believe the Plan is financially feasible based on the performance of the Debtor during the bankruptcy case. However, if the Debtor cannot meet its obligations on its own, McKee Investments has agreed to provide a line of credit.

4. The overdraft and negative balance in the McKee Investments on April 10, 2024 was caused by a returned deposited item from a 3rd party in the amount of $8,750.00.

5. My company, McKee Investments LLC has committed to providing a line of credit loan to the Debtor for up to $250,000 ("Note") to fund payments under the Plan. The loan is interest free with no scheduled repayments. The unsecured debt incurred by the Debtor to McKee

Investments during the bankruptcy case in the approximate amount of $100,000.00 will be added to the exit financing making the available credit approximately $150,000.00. A copy of the Note is attached to this Declaration as Exhibit A.

6. The default provisions of the Note are minimal and no payment default or "insecurity" clauses exist.

7. In the event it was determined that the Debtor's business operations were failing and it didn't make economic sense to fund the Debtor, I would sell the Debtor's assets in a orderly manner before ending any funding. There is no economic incentive for me to unilaterally stop funding of the Debtor.

5. I request that the Court confirm the Second Amended Plan of Reorganization.

/s/ Raymond McKee
Raymond McKee


STATE OF MISSOURI            )
                             ) SS.
COUNTY OF ST. LOUIS          )

On this 12th day of June, 2024, before me, the undersigned, a Notary Public, in and for the County and State aforesaid, personally appeared Raymond Mc Kee, to me known to be the person described in and who executed the foregoing instrument and acknowledged that he executed the same as his free act and deed.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed my official seal in St. Louis County, Missouri, the day and year last above written.

/s/ Spencer P. Desai
Notary Public


My Commission Expires: January 19, 2026

2

# EXHIBIT A

# PROMISSORY NOTE
# FOR REVOLVING LINE OF CREDIT

$250,000.00

St. Louis, Missouri
June 6, 2024

**THIS PROMISSORY NOTE FOR REVOLVING LINE OF CREDIT** (this "Note") is entered into by and between the Borrower (as defined herein below) and the Lender (as defined herein below) as of the date hereof (Lender and Borrower are also individually referred to herein as "Party" and collectively referred to herein as the "Parties").

On or before the Maturity Date, for value received, the undersigned **HUDSON & McKEE LLC**, a Missouri limited liability company ("Borrower"), promise to pay to the order of **McKEE INVESTMENTS LLC** ("Lender"), a Missouri limited liability company, whose office address is 3155 Brantner Place, St. Louis, Missouri 63105, or at such other place as may be designated in writing by the holder hereof, in lawful money of the United States of America in immediately available funds, the current principal sum of Two Hundred Fifty Thousand and 00/100 Dollars ($250,000.00), together with interest on said sum at the rate or rates hereinafter specified.

1. Revolving Loan Limit. Subject to approval by Lender, Borrower shall have the right, from time to time, prior to the Maturity Date (as hereinafter defined), to borrow and, upon repayment, re-borrow from Lender amounts not at any one time in the aggregate principal balance exceeding the sum of Two Hundred Fifty Thousand and 00/100 Dollars ($250,000.00) (the "Revolving Loan" or "Loan"), as due to the Lender under the terms of this Promissory Note for Revolving Line of Credit (the "Note").

   a. Existing Debt. The Loan shall include the existing loan balance from the loan made to Borrower during the Debtor's chapter 11 case no. 23-43539.

2. Requests for Disbursement Under Revolving Loan. Borrower must, in any and all events, submit to Lender a written request for a disbursement from the Revolving Loan. Lender shall not unreasonably deny the request.

3. Payments of Principal and Interest; Maturity Date; Interest; Reductions to Unrestricted Funds and Overall Availability; Prepayments. Borrower shall repay the principal amount of the Revolving Loan and all interest accrued and unpaid thereon immediately and without notice or demand upon the earlier of: (i) the Maturity Date (as defined herein below); or (ii) on the occurrence of an Event of Default (as defined herein below) (iii) the closing of a sale of the Borrower's assets.

Interest shall accrue on the aggregate outstanding principal amount of the Revolving Loan from time to time. Interest shall be calculated by multiplying the outstanding daily balance of Revolving Loan for each day during the immediately preceding calendar month by the Loan Interest Rate and dividing by three hundred sixty (360) days. The "Loan Interest Rate" shall be zero percent (0.0%).

The Maturity Date for this Note is December 31, 2030 (the "Maturity Date"). On the Maturity Date, the Borrower shall pay all outstanding accrued interest and principal to Lender.

Prepayments shall be applied to the principal amount of the Loan unless an Event of Default has occurred, in which case Lender may apply such prepayments in its discretion. There shall be no prepayment penalty.

4. Other Agreements Between the Parties. Any and all other agreements between Borrower and Lender shall remain in full force and effect unless specifically modified by the terms of this Note.

This Agreement constitutes valid and binding obligations of Borrower and is enforceable against Borrower in accordance with its terms.

Borrower warrants, represents and acknowledges that this Note and the Loan Documents are made for commercial purposes only and not for residential or personal use.

5. Default; Event of Default. An "Event of Default" shall be and include the failure of the Borrower to abide by any of the terms of this Note. Notwithstanding anything to the contrary contained herein, no notices of defaults or Events of Default shall be required to be given following the Maturity Date.

6. Presentment; Demand for Payment; Notice. Presentment and demand for payment, notice of non-payment, protest, protest of non-payment, notice of dishonor, and any and all lack of diligence and suit are hereby waived by all parties liable hereon.

7. Good Standing. Borrower represents and warrants to Lender that Borrower is a validly formed limited liability company in good standing under the laws of the State of Missour

8. Amendment. This Agreement shall not be amended or modified in any way except by an instrument in writing executed by each of the parties hereto.

9. Choice of Law. This Agreement shall be governed by and shall be construed in accordance with the laws of the state of Missouri.

10. Third Party Beneficiaries. This Agreement is entered into for the exclusive benefit of the parties hereto, and no other party will derive any rights or benefits from this Agreement.

11. Binding Effect. This Agreement will be binding upon and inure to the benefit of the parties hereto and their respective successors, legal representatives and assigns.

12. Multiple Counterparts. This Agreement may be executed in several counterparts, each of which shall be an original and all of which shall constitute but one and the same instrument.

13. Further Assurances. The parties hereto agree that upon the reasonable request of the other party to this Agreement, each such party will execute and deliver to the requesting party

such other additional instruments and documents, or perform or cause to be performed such other and further acts and things, as may be reasonably necessary to more fully consummate the transactions as set forth in this Agreement provided, however, that performance by either party under this paragraph shall not create any new liability or obligation on the performing party whatsoever.

14. <u>Time is of the Essence</u>. The Borrower acknowledges that time is of the essence of this Note.

15. <u>Waiver</u>. Any failure by any holder hereof to exercise any right hereunder shall not be construed as a waiver of the right to exercise the same or any other right at any other time and from time to time thereafter.

16. <u>Release</u>. The following is added pursuant to Section 432.047 R.S.Mo. As used below "borrower(s)" shall mean Borrower and "creditor" shall mean Lender:

**ORAL AGREEMENTS OR COMMITMENTS TO LOAN MONEY, EXTEND CREDIT, OR TO FORBEAR FROM ENFORCING REPAYMENT OF A DEBT INCLUDING PROMISES TO EXTEND OR RENEW SUCH DEBT ARE NOT ENFORCEABLE, REGARDLESS OF THE LEGAL THEORY UPON WHICH IT IS BASED THAT IS IN ANY WAY RELATED TO THE CREDIT AGREEMENT. TO PROTECT YOU (BORROWER) AND US (LENDER) FROM MISUNDERSTANDING OR DISAPPOINTMENT, ANY AGREEMENTS WE REACH COVERING SUCH MATTERS ARE CONTAINED IN THIS WRITING, WHICH IS THE COMPLETE AND EXCLUSIVE STATEMENT OF THE AGREEMENT BETWEEN US, EXCEPT AS WE MAY LATER AGREE IN WRITING TO MODIFY IT.**

Borrower acknowledges that there are no other agreements between or among Lender and Borrower, oral or written, concerning the subject matter of the Loan Documents, and that all prior agreements concerning the same subject matter, are merged into the Loan Documents and thereby extinguished.

**IN WITNESS WHEREOF,** the undersigned have executed this instrument as of the date aforesaid.

**BORROWER:**

**Hudson & McKee, LLC**
a Missouri Limited Liability Company


By: _____
    Raymond McKee, Managing Member

3