**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 23-43539-357 |
| HUDSON & MCKEE REAL ESTATE, | ) | |
| LLC, | ) | Hon. Brian C. Walsh |
|                      Debtor. | ) | United States Bankruptcy Judge |
| | ) | |
| _____ | ) | |
| | ) | Hearing Date:  May 7, 2025 |
| JERRY L. JENSEN, | ) | Hearing Time:  11:00 a.m. |
| Acting United States Trustee, | ) | Hearing Location: Eagleton U.S. Courthouse |
|                      Movant, | ) |                         111 S. 10th Street |
| | ) |                         Courtroom 5 North |
|                      v. | ) |                         St. Louis, MO 63102 |
| | ) | Objection Deadline: April 7, 2025 |
| HUDSON & MCKEE REAL ESTATE, | ) | |
| LLC, | ) | |
|                      Respondent. | ) | |

**THE UNITED STATES TRUSTEE'S**
**<u>MOTION TO DISMISS CASE PURSUANT TO 11 U.S.C. §§ 1112(b)(1) and 1112(b)(4)(E)</u>**

Jerry L. Jensen, Acting United States Trustee for the Eastern District of Missouri ("the United States Trustee"), by the undersigned Trial Attorney, respectfully requests that the Court enter an order dismissing this Chapter 11 case pursuant to 11 U.S.C. §§ 1112(b)(1) and 1112(b)(4)(E). As the United States Trustee explains below, the reorganized debtor, Hudson & McKee Real Estate, LLC ("the Debtor"), has failed to obey the Court's Order dated July 1, 2024, confirming the Debor's Second Amended Plan ("the Confirmation Order") and the Court's Order dated March 31, 2025, granting the United States Trustee's Motion to Compel ("the March 31 Order").  Each of these failures to obey the Court's Orders constitutes cause to dismiss this case within the meaning of Section 1112(b)(4) of the Code.

In support of this motion, the United States Trustee states the following:

1. On October 1, 2023, the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code. The Debtor stated on the petition that the Debtor chose to proceed under Subchapter V of Chapter 11. (Doc. 1.)

2. The United States Trustee appointed Seth A. Albin as the Subchapter V trustee in the Debtor's bankruptcy case on October 4, 2023. (Doc. 6.)

3. On April 25, 2024, the Debtor filed its second amended plan of reorganization dated April 15, 2024 ("the Plan"). (Doc. 81.)

4. Section 5.02 of the Plan states includes the following provision:

> The Debtor shall file quarterly reports showing the calculation of Excess Monthly Income. Debtor shall file such reports with the Court starting after the Effective Date and until the earlier of the date the case is closed, dismissed, or converted to another chapter. Reports shall be filed on a calendar quarterly basis on the 21st day of the month immediately following the calendar quarter covered by the report (e.g. January 21, 2024 for the quarter October 1 to December 31, 2023). Debtor shall attach to the report account statements for all its bank accounts, showing all account activity for the quarter to which the report pertains. Debtor shall attach an income statement for the quarter to which the report pertains. Debtor shall provide copies of the report and attached documents to the U.S. Trustee and the Subchapter V Trustee. The Subchapter V Trustee shall retain oversight and review such reports and will be compensated at his usual rate for his time in reviewing Debtor's reports. At the request of creditors or the Subchapter V Trustee, Debtor shall provide additional documentation or information to verify Debtor's calculation of Excess Monthly Income. For clarification, by fulfilling this monitoring role, the Subchapter V Trustee is not assuming any burden of demonstrating Debtor's compliance with the Plan or enforcing any creditors' rights.

*Id.* at pp. 14-15.

5. On July 1, 2024, the Court confirmed the Plan and entered the Confirmation Order. (Doc. 102.)

6. Paragraph 13 of the Confirmation Order details the Debtor's duties with respect to filing quarter reports post confirmation. Paragraph 13 states the following:

> <u>Reporting of Excess Monthly Income</u>. Debtor shall file quarterly reports in the above-captioned case showing the calculation of Excess Monthly Income, rent rolls showing

2

> lease expiration dates and whether each unit for the Debtor's real property is current, delinquent, or in eviction status, a Balance Sheet, Aged Payables and Aged Receivables Reporting. Additionally, Debtor shall provide Community Loan Servicing LLC a quarterly report identifying unit renovation status and allow for inspections, with reasonable notice, by Community Loan Servicing LLC or its agent. Debtor shall file such reports with the Court starting after the Effective Date and until the earlier of the date the case is closed, dismissed, or converted to another chapter. Reports shall be filed on a calendar quarterly basis on the 21st day of the month immediately following the calendar quarter covered by the report (e.g. January 21, 2024 for the quarter October 1 to December 31, 2023). Debtor shall attach to the report account statements for all its bank accounts, showing all account activity for the quarter to which the report pertains. Debtor shall attach an income statement for the quarter to which the report pertains. Debtor shall provide copies of the report and attached documents to the U.S. Trustee and the Subchapter V Trustee. The Subchapter V Trustee shall retain oversight and review such reports and will be compensated at his usual rate for his time in reviewing Debtor's reports. At the request of creditors or the Subchapter V Trustee, Debtor shall provide additional documentation or information to verify Debtor's calculation of Excess Monthly Income. For clarification, by fulfilling this monitoring role, the Subchapter V Trustee is not assuming any burden of demonstrating Debtor's compliance with the Plan or enforcing any creditors' rights.

*Id.,* pp. 9-10.

7. Contrary to the requirements of the Plan and Confirmation Order, the Debtor did not file any quarterly reports or the accompanying statements. On February 26, 2025, the United States Trustee filed a motion to compel the Debtor to file the required reports and accompanying statements. (Doc. 137.)

8. The Court granted the United States Trustee's motion to compel in the March 31 Order. (Doc. 144.) Paragraph 2 of the March 31 Order states that "[n]o later than 14 days after entry of this Order, the Reorganized Debtor must file the quarterly reports and related documents required by Section 5.02 of the Second Amended Plan and Paragraph 13 of the Confirmation Order covering the third and fourth quarters of 2024." *Id.* ¶ 2.

9. The fourteenth day after the Court's entry of the Order was April 14, 2025. That date passed without the Debtor's filing quarterly reports and the related documents covering the third and fourth quarters of 2024, as the March 31 Order required. The Debtor neither requested nor received

3

an extension of the 14-day deadline set forth in the March 31 Order to file the quarterly reports and related documents; instead, the Debtor simply disobeyed the March 31 Order.

10. Section 1112(b)(1) of the Bankruptcy Code states in relevant part that "the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause." 11 U.S.C. § 1112(b)(1). Section 1112(b)(4) of the Code lists several examples of "cause," including "failure to comply with an order of the court." 11 U.S.C. § 1112(b)(4)(E).

10. In this case, the Debtor has failed to obey two of the Court's Orders requiring the Debtor to file quarterly reports and related documents. First, the Debtor failed to comply with paragraph 13 of the Confirmation Order. Second, the Debtor failed to comply with Paragraph 2 of the March 31 Order. Each of these failures constitutes cause to dismiss this case pursuant to 11 U.S.C. §§ 1112(b)(1) and 1112(b)(4)(E).

11. There is no excuse for the Debtor's non-compliance with the Court's Orders. The Debtor had ample notice of the requirements it had to fulfill under the Confirmation Order and March 31 Order and had plenty of time to comply with those requirements. Despite having both the duty and opportunity to comply with Paragraph 13 of the Confirmation Order and Paragraph 2 of the March 31 Order, the Debtor has made no apparent attempt to comply. Under these circumstances, dismissal of the case is justified.

12. No special circumstances exist to establish that dismissing this case would be contrary to the best interests of creditors and the estate.

4

For the reasons set forth above, the United States Trustee asks the Court to enter an order dismissing this case pursuant to 11 U.S.C. §§ 1112(b)(1) and 1112(b)(4)(E) and granting any further relief that the Court deems just.

Dated: April 16, 2025

Respectfully submitted,

JERRY L. JENSEN
Acting United States Trustee

PAUL A. RANDOLPH
Assistant United States Trustee

By:   */s/ Carole J. Ryczek*
CAROLE J. RYCZEK
E.D. Missouri Bar #6195873IL
Trial Attorney
111 S. 10th Street, Suite 6.353
St. Louis, MO 63102
PH: (314) 539-2982
FAX: (314) 539-2990
Email: carole.ryczek@usdoj.gov

5

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing motion to dismiss case was filed electronically on April 16, 2025, with the Clerk of the United States Bankruptcy Court for the Eastern District of Missouri, and has been served upon the parties in interest via email by the Court's CM/ECF System upon the following parties listed on the Court's Electronic Mail Notice List:

Spencer P. Desai, attorney for the debtor: spd@desailawfirmllc.com

Seth A. Albin, subchapter V trustee: albintrustee@summerscomptonwells.com

Matthew S. Layfield, attorney for Community Loan Servicing, LLC: mlayfield@polsinelli.com

Hunter Charles Gould, attorney for Bank of America, N.A.: hunter.gould@southlaw.com

Trenton Kirkwood Bond, attorney for Brian McKee: tkb@hsbattorneys.com

Randall E. Gusdorf, attorney for Metropolitan St. Louis Sewer District: rgusdorf@attystl.com

*/s/Carole J. Ryczek*
Carole J. Ryczek
Trial Attorney
Office of the United States Trustee

I further certify that a true and correct copy of the foregoing motion to dismiss case was filed electronically on April 16, 2025, with the United States Bankruptcy Court for the Eastern District of Missouri and that, in addition to the parties served with this document by the Court's CM/ECF System, the undersigned served a true and complete copy of this motion by First-Class United States mail, postage prepaid, upon the debtor, Hudson & McKee Real Estate, LLC at the address listed below:

Hudson & McKee Real Estate, LLC
3155 Brantner Place
St. Louis, MO 63106

*/s/Carole J. Ryczek*
Carole J. Ryczek
Trial Attorney
Office of the United States Trustee

6